UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

MARTIN & BAYLEY, INC., et al.                                                               PLAINTIFFS

v.                                                             CIVIL ACTION NO. 3:15-CV-225-JRW-HBB

O'BRYAN BROWN & TONER PLLC, et al.                                    DEFENDANTS

## ORDER

The Court **GRANTS** the summary judgment motion (DN 158) filed by O'Bryan Brown & Toner PLLC and Michael P. Reilly (together, "O'Bryan Brown & Toner Defendants"). The Court **DISMISSES WITH PREJUDICE** the indemnity, contribution, and apportionment claims filed by USI Insurance Services National, Inc.; Old National Insurance; and Roland Lehnus (together, "Insurance Defendants") against the O'Bryan Brown & Toner Defendants. The Court also **DISMISSES WITH PREJUDICE** the O'Bryan Brown & Toner Defendants' indemnity, contribution, and apportionment claims against the Insurance Defendants.

Additionally, under Rule 56(f), the Court provides notice that it may enter judgment in the Defendants' favor on the unjust enrichment claim filed by Martin & Bayley, Inc. and Acuity (together, "Plaintiffs"). Plaintiffs' deadline for responding to this notice or withdrawing that claim is **February 21, 2020**. Replies, if any, are due **March 6, 2020**.

The Court **ORDERS** the parties to participate in a settlement conference in spring 2020 with Magistrate Judge H. Brent Brennenstuhl. **No later than February 14, 2020**, counsel shall jointly email Judge Brennenstuhl's case manager, Kelley Lovell, at Kelley_lovell@kywd.uscourts.gov, to schedule the settlement conference.

1

# MEMORANDUM OPINION

Morgan Bryan Perry slipped and fell at a convenience store owned by Martin & Bayley. He won a $2.6 million default judgment. Plaintiffs filed this lawsuit after settling with Perry for $1.8 million.

Plaintiffs blame their former lawyers, the O'Bryan Brown & Toner Defendants, and their former insurance broker, the Insurance Defendants, for the default judgment and settlement. The O'Bryan Brown & Toner Defendants and the Insurance Defendants (together, "Defendants") point the finger back at Plaintiffs and at each other. Included in all this finger-pointing are the Defendants' indemnity, contribution, and apportionment claims against each other.

\* \* \*

Under Kentucky law, a tortfeasor may seek indemnity from another tortfeasor "where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000). In other words, a party who bears less fault (the passive wrongdoer) may seek indemnity from the party who bears more fault (the active wrongdoer) for the plaintiff's alleged harm. The Court determines whether indemnity is proper by comparing the plaintiff's allegations against the alleged wrongdoers. *Id.* at 781; *see also*, *Memorial Sports Complex, LLC v. McCormick*, 499 S.W.3d 700, 703 (Ky. Ct. App. 2016).

Plaintiffs bring negligence and breach of contract and fiduciary duty claims against the Defendants. DN 28. Although Plaintiffs bring separate counts against the O'Bryan Brown & Toner Defendants and the Insurance Defendants, their factual allegations come down to this: the Defendants each knew about Perry's slip and fall lawsuit, and they each did nothing to protect Plaintiffs from the $2.6 million default judgment. *See* DN 28 at #143 ("**FACTS COMMON TO**

**ALL COUNTS**") (emphasis in original). Specifically, the Defendants received the state-court complaint and summons before Perry moved for default judgment, but neither acted to protect Martin & Bayley from a potential default. *Id.* ¶¶ 28-31. Neither checked the state-court docket. *Id.* ¶¶ 32-36. Additionally, the O'Bryan Brown & Toner Defendants did not contest Perry's default judgment proceedings. *Id.*

Plaintiffs' allegations are passive wrongdoing allegations: you knew about it, you did nothing, and your inaction caused me harm. Therefore, the Insurance Defendants cannot seek indemnity from the O'Bryan Brown & Toner Defendants because Plaintiffs accuse the O'Bryan Brown & Toner Defendants of *passive*, not active, wrongdoing. *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 164, 167 (1949) ("the party who was the *active wrongdoer* or primarily negligent can be compelled to make good to the other any loss he sustained") (emphasis added).

Although the Insurance Defendants have not sought summary judgment on the O'Bryan Brown & Toner Defendants' indemnity claim, under Rule 56(f), summary judgment is proper on that claim, too. The O'Bryan Brown & Toner Defendants were on notice of this possibility because the Insurance Defendants referred to those claims on page 1 of their brief. *See* DN 167 at #1108. The O'Bryan Brown & Toner Defendants had an opportunity to defend their indemnity claim in their reply, but they didn't. *See* DN 170. More than that, the O'Bryan Brown & Toner Defendants argued that both groups of Defendants' alleged passive negligence precludes the Insurance Defendants' indemnity claim against O'Bryan Brown & Toner. By the same token, it also precludes O'Bryan Brown & Toner's own indemnity claim against the Insurance Defendants. *Cf.* CAROLE KING, *Bitter with the Sweet*, *on* RHYMES & REASONS (A&M Studios, 1972).

Likewise, none of the Defendants' contribution and apportionment claims against each other survive. The O'Bryan Brown & Toner Defendants moved for summary judgment on the

3

Insurance Defendants' contribution and apportionment claims, arguing that Kentucky law does not recognize either claim. DN 158 at #861. The Insurance Defendants did not respond to these arguments. *See* DN 167. Accordingly, the O'Bryan Brown & Toner Defendants are entitled to summary judgment on the Insurance Defendants' contribution and apportionment claims. In the same vein, because the O'Bryan Brown & Toner Defendants argued that Kentucky does not recognize the contribution and apportionment claims, summary judgment in the Insurance Defendants' favor is appropriate on those claims by the O'Bryan Brown & Toner Defendants against the Insurance Defendants.

\* \* \*

Finally, under Rule 56(f), the Court provides notice to Plaintiffs that it may enter summary judgment to the Defendants on the unjust enrichment claim. *See* DN 28 ¶¶ 82-86. Frankly, the Court is skeptical of that claim because Plaintiffs paid the $1.8 million settlement to Perry, not the Defendants. The Court will give Plaintiffs the opportunity to respond to this Rule 56(f) notice or withdraw that claim before entering summary judgment on it.

cc: Counsel

*Justin R. Walker*

Justin R Walker, District Judge
United States District Court

1/31/2020